**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| ATSEC INFORMATION SECURITY CORPORATION, | § | |
| *Plaintiff*, | § | |
| v. | § | Case No. 1:26-CV-02197 |
| CNXTD INC., | § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiff atsec information security corp. ("Plaintiff" or "atsec"), by and through undersigned counsel, files its original answer to Defendant Cnxtd, Inc. ("Defendant" or "Cnxtd")'s counterclaims as follows:

## JURISDICTION, PARTIES, AND COMMON FACTS

1. Plaintiff lacks sufficient knowledge to admit or deny Defendant's state of incorporation or principal place of business.

2. Paragraph 2 contains jurisdictional allegations that do not require admission or denial. To the extent a response is required, Plaintiff does not dispute that this Court has jurisdiction over the claims and counterclaims in this action or that this Court is the proper venue.

3. Plaintiff admits the allegations in Paragraph 3.

4. Denied to the extent Paragraph 4 alleges or implies that Cnxtd assumed ownership of the ICMC. Denied to the extent paragraph 4 suggests or implies that atsec transferred legal ownership of the ICMC marks, name, or goodwill. Atsec denies the remaining allegations of paragraph 4.

5. Plaintiff denies the allegations in Paragraph 5.

6. Plaintiff denies the allegations in Paragraph 6. Atsec denies any allegation or suggestion that it acquiesced to any legal transfer of the name, marks, or ownership of the ICMC.

7. Plaintiff denies the allegations in Paragraph 7. Atsec denies that it is restricted in any manner from contributing to any industry or trade event by virtue of the Parties' Agreement or operation of law.

8. Plaintiff denies the allegations in Paragraph 8.

9. Plaintiff admits that Defendant sent the cease-and-desist letter described in Paragraph 9 on July 30, 2026, but otherwise denies the allegations in Paragraph 9.

10. Plaintiff denies the allegations in Paragraph 10.

**COUNT I: FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C § 1114**

11. Plaintiff incorporates its preceding responses to Defendant's allegations.

12. Plaintiff denies the allegations in Paragraph 12.

**COUNT II: FALSE DESIGNATION AND UNFAIR COMPETITION, 15 U.S.C § 1125(a)**

13. Plaintiff incorporates its preceding responses to Defendant's allegations.

14. Plaintiff denies the allegations in Paragraph 14.

**COUNT III: BREACH OF CONTRACT**

15. Plaintiff incorporates its preceding responses to Defendant's allegations.

16. Plaintiff denies the allegations in Paragraph 16 to the extent it states or implies that atsec breached the terms of the Agreement.

**COUNT IV: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS**

17. Plaintiff incorporates its preceding responses to Defendant's allegations.

18. Plaintiff denies the allegations in Paragraph 18.

**COUNT V: TEXAS COMMON-LAW UNFAIR COMPETITION**

19. Plaintiff incorporates its preceding responses to Defendant's allegations.

20. Plaintiff denies the allegations in Paragraph 20. At all times, atsec operated within its legal rights and its conduct was entirely justified and privileged.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

### 1. Privilege and Justification

21. Atsec's actions were both privileged and justified. Atsec at all times exercised its legal rights.

### 2. Unclean Hands

22. Cnxtd's trademark-based counterclaims are barred because Cnxtd is not the rightful owner of the ICMC marks. Atsec created and adopted ICMC before Cnxtd's claimed ownership and never transferred ownership of the marks to Cnxtd. Cnxtd's secret filing of materials with the USPTO was undertaken in bad faith, and without regard to atsec's legal rights.

### 3. Prior Material Breach and Repudiation

23. Cnxtd's contract counterclaim is barred or limited because Cnxtd materially breached and/or anticipatorily repudiated the Agreement.

### 4. Fraud in the Procurement of Trademark Registration – 15 U.S.C. § 1115(b)(1))

24. Cnxtd's trademark claims are barred, in whole or in part, because U.S. Trademark Registration Nos. 6,609,213 and 6,798,370 for the mark "ICMC" (the "Registrations") were obtained fraudulently from the U.S. Patent and Trademark Office, as alleged in atsec's Petition for Cancellation of the Registrations, incorporated herein by reference, thus rendering the Registrations invalid, unenforceable, and stripped of any conclusive evidentiary weight.

## PRAYER

Atsec respectfully requests that Cnxtd take nothing on its Counterclaims; that judgment be

entered in favor of atsec and against Cnxtd on all Counterclaims; that Cnxtd's requests for injunctive relief, damages, profits, attorney's fees, costs, and other relief be denied; that atsec be awarded the relief requested in its operative complaint; and that the Court grant such other and further relief as it deems just and proper.

Dated: October 16, 2026.

Respectfully submitted,

/s/ *Sherrard (Butch) Hayes*
Sherrard (Butch) Hayes
HAYES LAW PLLC
State Bar No. 00784232
809 West Ave.
Austin, Texas
Telephone: (512) 485-4390
Email: bhayes@hayespllc.com

/s/ *Michael B. Adlin*
Michael B. Adlin (admitted *pro hac vice*)
Christopher M. Weimer
State Bar No. 24061894
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, Texas 78702
Telephone: (737) 443-8821
Facsimile: (512) 322-5201
Email: cweimer@pirkeybarber.com
madlin@pirkeybarber.com

*Attorneys for Plaintiff atsec information security corp.*