**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ATSEC INFORMATION SECURITY CORPORATION,<br><br>*Plaintiff*,<br><br>v.<br><br>CNXTD, INC.,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:26-cv-02197 |

**UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff atsec information security corporation ("atsec") seeks leave to file its second amended complaint. Ex. A. Defendant Cnxtd, Inc., is unopposed.

This action was filed on August 10, 2026; atsec then filed its first amended complaint four days later. Defendant Cnxtd, Inc., appeared by filing an answer on September 25, 2026. The Court has not yet held an initial pretrial conference, entered a scheduling order, or set a trial date. There is not yet any deadline for the parties to file amended pleadings.

Since the filing of atsec's First Amended Complaint, Cnxtd has taken additional actions to breach or repudiate the Event Partnership Agreement at issue in this case. For example, Cnxtd has taken concrete steps to exclude atsec from the 2027 ICMC's Program Committee by recruiting committee members without contacting atsec. It has also distributed a list of Program Committee members that omits atsec. Cnxtd has also continued to state its position that it will not honor any of atsec's rights under the Agreement. Accordingly, atsec must amend its petition to assert additional allegations and claims for breach of contract. Ex. A ¶¶ 76–82, 122–32.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings

"shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). There is a "liberal pleading presumption" in Rule 15(a), which "evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)). Accordingly, a district court must have a "substantial reason" to deny a request for leave to amend when one is made before a scheduling order's deadline to do so. *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)). Grounds for denial include things like undue delay, bad faith, or futility; absent that kind of reason, a district court's discretion "is not broad enough to permit denial." *Mayeaux*, 376 F.3d at 425.

No such reason exists in this case: it is early in the litigation—before even the entry of a deadline to amend—and this amendment is predicated on events that arose after the filing of atsec's last pleading. Cnxtd is unopposed. Leave would be appropriately granted in this instance.

For these reasons, atsec asks that the Court grant it leave to file its Second Amended Petition, and that it direct the Clerk of the Court to docket the Second Amended Petition attached to this motion as Exhibit A.

Dated: October 16, 2026.

Respectfully submitted,

/s/ *Sherrard (Butch) Hayes*
Sherrard (Butch) Hayes
HAYES LAW PLLC
State Bar No. 00784232
809 West Ave. Austin, Texas 78701
Telephone: (512) 485-4390 Email:
bhayes@hayespllc.com

/s/ *Michael B. Adlin*
Michael B. Adlin (admitted *pro hac vice*)
Christopher M. Weimer
State Bar. No. 24061894

PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, Texas 78702
Telephone: (737) 443-8821
Facsimile: (512) 322-5201
Email: cweimer@pirkeybarber.com
madlin@pirkeybarber.com

*Attorneys for Plaintiff atsec information security corp.*

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with Defendant's counsel about this motion, and he indicated that Defendant was unopposed.

/s/ *Sherrard Hayes*
Sherrard (Butch) L. Hayes

**CERTIFICATE OF SERVICE**

I certify that on October 16, 2026, I electronically filed this pleading with the Clerk of Court using the CM/ECF system, which will automatically send notification to the counsel of record.

/s/ *Sherrard Hayes*
Sherrard (Butch) L. Hayes