**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ATSEC INFORMATION SECURITY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CNXTD INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:26-CV-02197-ABD |

**DEFENDANT CNXTD INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Cnxtd Inc. ("Cnxtd"), by and through its undersigned counsel, files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff atsec information security corporation's ("atsec") Second Amended Complaint, and shows as follows[1]:

**RESPONSES TO INTRODUCTION AND OVERVIEW**

**RESPONSE TO 1ST UNNUMBERED PARAGRAPH ON PAGE #1:** Cnxtd admits that ICMC serves professionals concerned with cryptography and information security. Cnxtd denies the remaining allegations in the first unnumbered paragraph on page 1.

**RESPONSE TO 2ND UNNUMBERED PARAGRAPH ON PAGE #1 & 2:** Cnxtd admits that it produced the 2013 and 2014 ICMC events and that the parties later entered into the written Event Partnership Agreement, which speaks for itself. Cnxtd denies the remaining allegations in the second unnumbered paragraph on page 1.

---

[1] Any allegation not expressly admitted is denied. Cnxtd reserves the right to amend this pleading as discovery and investigation continue and as permitted by the Federal Rules of Civil Procedure and the Court's scheduling order.

**RESPONSE TO 3RD UNNUMBERED PARAGRAPH ON PAGE #2:** Cnxtd admits that the Agreement provided atsec an opportunity to chair the conference advisory committee. Cnxtd denies the remaining allegations in the third unnumbered paragraph on page 2.

**RESPONSE TO 4TH UNNUMBERED PARAGRAPH ON PAGE #2:** Cnxtd admits that the parties worked together for several years and that Cnxtd arranged conference facilities and services. Cnxtd denies the remaining allegations in the fourth unnumbered paragraph on page 2.

**RESPONSE TO 5TH UNNUMBERED PARAGRAPH ON PAGE #2:** Cnxtd admits that it owns valid federal registrations for the ICMC word and design marks. Cnxtd denies the remaining allegations in the fifth unnumbered paragraph on page 2.

**RESPONSE TO 6TH UNNUMBERED PARAGRAPH ON PAGE #3:** Cnxtd lacks knowledge sufficient to admit or deny atsec's subjective purpose for activities undertaken in 2025 and therefore denies the allegations in the sixth unnumbered paragraph on page 3 on that basis. Cnxtd denies that it sought improper dominion over ICMC or acted for the motives alleged.

**RESPONSE TO 7TH UNNUMBERED PARAGRAPH ON PAGE #3:** Cnxtd admits that its counsel sent a notice of material breach, termination, and demand to cease and desist on July 30, 2026, and that the letter speaks for itself. Cnxtd denies the remaining allegations in the seventh unnumbered paragraph on page 3.

**RESPONSE TO 8TH AND 9TH UNNUMBERED PARAGRAPH ON PAGE #3:** Cnxtd denies the allegations in the eighth and ninth unnumbered paragraphs on page 3.

## RESPONSES TO NUMBERED ALLEGATIONS

## PARTIES

1. Cnxtd lacks knowledge sufficient to admit or deny the allegations concerning atsec's organization and principal place of business and therefore denies them on that basis.

2. Cnxtd admits that it is a New York corporation with its principal place of business in New York.

## JURISDICTION AND VENUE

3. Cnxtd admits that the parties are citizens of different states. Cnxtd lacks knowledge sufficient to admit or deny atsec's allegation concerning the amount in controversy and therefore denies it on that basis.

4. Cnxtd admits that the Second Amended Complaint purports to assert claims under the Lanham Act and that this Court has federal-question jurisdiction over properly pleaded federal claims. Cnxtd denies any remaining allegation or legal conclusion inconsistent with this Answer.

5. Cnxtd admits that the Declaratory Judgment Act may authorize relief where an actual controversy exists but denies that atsec is entitled to the declarations requested.

6. Cnxtd admits that venue is proper in this Court and District for purposes of this action but denies any allegation that venue establishes the merits of atsec's claims.

## FACTUAL BACKGROUND

7. Cnxtd admits that atsec seeks declaratory, cancellation, and contract relief concerning the parties' Event Partnership Agreement and Cnxtd's ICMC trademark registrations but denies that atsec is entitled to such relief.

8. Cnxtd lacks knowledge sufficient to admit or deny atsec's characterization of its history, leadership, and industry standing and therefore denies the allegations on that basis.

9. Cnxtd admits that the parties discussed developing industry conferences in 2012. Cnxtd denies the remaining allegations in Paragraph 9.

10. Cnxtd admits that atsec proposed an industry conference. Cnxtd denies the remaining allegations in Paragraph 10.

11. Cnxtd admits that it produced the 2013 and 2014 ICMC events under the terms of the 2012 Event Services Management Agreement. Cnxtd denies the remaining allegations in Paragraph 11.

12. Cnxtd admits that Bill Rutledge worked with atsec and that Cnxtd produced the 2013 and 2014 events. Cnxtd denies that atsec alone bore all financial responsibility or that Cnxtd merely provided subordinate assistance.

13. Cnxtd admits that the parties discussed arrangements for future ICMC events in 2015. Cnxtd denies the remaining allegations in Paragraph 13.

14. Cnxtd admits that Bill Rutledge and Fiona Pattinson negotiated and executed agreements concerning ICMC but denies any allegation in Paragraph 14 that is inconsistent with the written agreements.

15. Cnxtd admits that under the terms of the Agreement, Cnxtd took financial and organizational responsibility for the 2015 and 2016 events. Cnxtd denies the remaining allegations in Paragraph 15.

16. Cnxtd admits that the Agreement provided Cnxtd access and use of www.icmconference.org for producing the event. Cnxtd denies the remaining allegations in Paragraph 16.

17. Denied.

18. Cnxtd admits that the Agreement states the following: “All copyrightable works developed in whole or in part by Cnxtd Inc. in connection with this event shall be created as ‘project’ assets and Cnxtd shall own all rights in ant to such works. Such works are hereinafter referred to as ‘Works.’ atsec will be provided with access to Works for any and all uses, in any and all forms or media now known or hereafter to become known,’ and it speaks for itself. Cnxtd denies any remaining allegations in Paragraph 18.

19. Denied.

20. Cnxtd admits that atsec provided access to the .org URL identified in the Agreement. Cnxtd denies the remaining allegations in Paragraph 20.

21. Cnxtd admits that the Agreement states the following: "atsec information security (atsec) will receive, on a complementary basis, the Exclusive Platinum Sponsorship for the event (details listed below); the opportunity to chair the conference advisory committee; complimentary hotel rooms for atsec staff, for six total room nights; access to conference content and participants lists, for use as atsec sees fit," and is speaks for itself. Cnxtd denies any remaining allegations in Paragraph 21.

22. Cnxtd admits that the Agreement states as follows: "atsec information security (atsec) will receive, on a complementary basis, the Exclusive Platinum Sponsorship for the event (details listed below); the opportunity to chair the conference advisory committee; complimentary hotel rooms for atsec staff, for six total room nights; access to conference content and participants lists, for use as atsec sees fit," and is speaks for itself. Cnxtd denies any remaining allegations in Paragraph 22.

23. Admitted.

24. Cnxtd admits that the Agreement does not expressly label conference content or participant lists confidential.

25. Cnxtd admits that the Agreement identifies access rights for atsec and Cnxtd.

26. Cnxtd admits that the Agreement contains no express confidentiality clause.

27. Admitted.

28. Admitted.

29. Cnxtd admits that the Agreement describes the parties as independent contractors.

30. Cnxtd admits that the Agreement states as follows: "The relationship of the parties under this agreement shall at all times remain one of independent contractors. Neither of the parties, nor their respective employees, consultants, or representatives shall be considered employees, joint venturers, partners, or agents of the other party. Neither party shall make any representations or commitments on the other party's behalf. Neither party has the authority to bind the other party. The relationship of the parties under this agreement is strictly contractual and shall not give rise to any fiduciary relationship,' and it speaks for itself. Cnxtd denies any remaining allegations in Paragraph 30.

31. Admitted.

32. Cnxtd admits that the Agreement states as follows: "atsec will have the option to terminate this cooperating agreement with Cnxtd within 60 days after the 2016 event has concluded, or this agreement will automatically renew for another year under the same terms," and it speaks for itself. Cnxtd denies any remaining allegations in Paragraph 32.

33. Cnxtd admits that the Agreement states as follows: "atsec will have the option to terminate this cooperating agreement with Cnxtd within 60 days after the 2016 event has concluded, or this agreement will automatically renew for another year under the same terms," and it speaks for itself. Cnxtd denies any remaining allegations in Paragraph 33.

34. Denied.

35. Denied.

36. Cnxtd admits that it applied in 2020 to register the ICMC word and design marks for conference services. Cnxtd denies the remaining allegations in Paragraph 36.

37. Cnxtd admits that it did not provide notice of the registration of Cnxtd's marks to atsec and denies that any such notice was required.

38. Cnxtd admits that it did not provide notice of the registration of Cnxtd's marks to atsec and denies that any such notice was required.

39. Denied.

40. Denied.

41. Denied.

42. Cnxtd admits that Registration No. 6609213 issued on January 4, 2022, and Registration No. 6798370 issued on July 19, 2022. Cnxtd denies the remaining allegations in Paragraph 42.

43. Denied.

44. Denied.

45. Denied.

46. Cnxtd admits that atsec requested relocation of a future ICMC event to Austin and that Cnxtd had produced ICMC for years. Cnxtd denies the remaining allegations in Paragraph 46.

47. Cnxtd lacks knowledge sufficient to admit or deny the alleged survey percentage, methodology, response population, or reliability and therefore denies the allegation in Paragraph 47 on that basis.

48. Cnxtd lacks knowledge sufficient to admit or deny the alleged survey percentage, methodology, response population, or reliability and therefore denies the allegation in Paragraph 48 on that basis.

49. Cnxtd admits that atsec presented survey information to Cnxtd and the ICMC Program Committee.

50. Cnxtd admits that it has not agreed to conduct an ICMC conference in Austin. Cnxtd admits that atsec is not a member of the 2028 ICMC Program Committee. Otherwise Cnxtd denies the remaining allegations of Paragraph 50.

51. Cnxtd admits that the parties discussed venue and management issues but otherwise denies the allegations in Paragraph 51.

52. Denied.

53. Denied.

54. Denied.

55. Cnxtd admits that air-travel access was among the venue considerations discussed but otherwise denies the allegation in Paragraph 55.

56. Cnxtd admits that venue capacity and suitability were among the considerations discussed but otherwise denies the allegation in Paragraph 56.

57. Denied.

58. Cnxtd admits that the July 30, 2026 demand letter speaks for itself, and to the extent that the allegations in Paragraph 58 differ from the demand letter, Cnxtd denies those allegations.

59. Denied.

60. Admitted.

61. Cnxtd admits that some industries hold multiple trade events or symposiums each year.

62. Admitted.

63. Admitted.

64. Cnxtd lacks knowledge sufficient to admit or deny the allegation concerning all attendees and sponsors of all other events and therefore denies the allegation in Paragraph 64 on that basis.

65. Cnxtd lacks knowledge sufficient to admit or deny the allegation concerning all attendees and sponsors of all other events and therefore denies the allegation in Paragraph 65 on that basis.

66. Cnxtd admits that ICMC has generally occurred annually and that cryptographic-security issues continue to develop. Cnxtd lacks knowledge sufficient to admit or deny the remaining allegations in Paragraph 66 and therefore denies them on that basis.

67. Cnxtd admits that atsec promoted a FIPS ’n’ Chips event. Cnxtd lacks knowledge sufficient to admit or deny the remaining allegations in Paragraph 67 and therefore denies them on that basis.

68. Cnxtd lacks knowledge sufficient to admit or deny the allegations in Paragraph 68 and therefore denies them on that basis.

69. Cnxtd lacks knowledge sufficient to admit or deny the allegations in Paragraph 69 and therefore denies them on that basis.

70. Cnxtd lacks knowledge sufficient to admit or deny the allegation in Paragraph 70 and therefore denies it on that basis.

71. Cnxtd lacks knowledge sufficient to admit or deny the allegation in Paragraph 71 and therefore denies it on that basis.

72. Cnxtd lacks knowledge sufficient to admit or deny the allegations in Paragraph 72 and therefore denies them on that basis.

73. Cnxtd admits that Cnxtd’s counsel sent a notice of material breach, termination, and demand to cease and desist on July 30, 2026, to atsec’s counsel. Cnxtd denies the remaining allegations in Paragraph 73.

74. Cnxtd admits that its July 30, 2026 letter asserted material breach, trademark infringement, and tortious interference based on atsec’s conduct. Cnxtd denies the remaining allegations in Paragraph 74.

75. Cnxtd admits that the July 30, 2026 letter speaks for itself and otherwise denies the allegations in Paragraph 75.

76. Cnxtd admits that the July 30, 2026 letter speaks for itself and otherwise denies the allegations in Paragraph 76.

77. Cnxtd admits that the July 30, 2026 letter speaks for itself and otherwise denies the allegation in Paragraph 77.

78. Cnxtd admits that the July 30, 2026 letter speaks for itself and otherwise denies the allegation in Paragraph 78.

79. Cnxtd admits that the July 30, 2026 letter speaks for itself and otherwise denies the allegation in Paragraph 79.

80. Denied. (See Paragraph 16 of Counterclaims on p. 15).

81. Denied.

82. Cnxtd admits that Paragraph 112 of Defendant Cnxtd Inc.'s Original Answer, Affirmative Defenses, and Counterclaims filed September 25, 2026 (Dkt. 15) states that atsec has a legal right to participate in and promote FIPS 'n' Chips, but denies that this admission negates Cnxtd's breach allegations. Cnxtd denies the remaining allegations in Paragraph 82.

**COUNT I – DECLARATORY JUDGMENT (No Right of Cnxtd to Terminate the Agreement)**

83. Paragraph 83 contains no allegation of fact and therefore requires no response. Cnxtd incorporates its responses to Paragraphs 1-82 as though fully set forth herein.

84. Admitted.

85. Denied.

86. Denied.

**COUNT II – DECLARATORY JUDGMENT (No Exclusivity on Hosting Industry Events)**

87. Paragraph 87 contains no allegation of fact and therefore requires no response. Cnxtd incorporates its responses to Paragraphs 1-86 as though fully set forth herein.

88. Admitted.

89. Cnxtd admits that the Agreement contains no express event-hosting exclusivity clause. Cnxtd denies the remaining allegations.

90. Denied.

**COUNT III – DECLARATORY JUDGMENT (No Confidentiality Obligation as to Materials or Attendee Lists)**

91. Paragraph 91 contains no allegation of fact and therefore requires no response. Cnxtd incorporates its responses to Paragraphs 1-90 as though fully set forth herein.

92. Admitted.

93. Cnxtd admits that the Agreement contains no express confidentiality clause. Cnxtd denies the remaining allegations.

94. Denied.

95. Denied.

**COUNT IV – DECLARATORY JUDGMENT (No Additional Obligations Under the Law)**

96. Paragraph 96 contains no allegation of fact and therefore require no response. Cnxtd incorporates its responses to Paragraphs 1-95 as though fully set forth herein.

97. Admitted.

98. Denied.

99. Denied.

**COUNT V – DECLARATORY JUDGMENT (No Breach by Conducting a Poll or Hosting Another Event)**

100. Paragraph 100 contains no allegation of fact and therefore requires no response. Cnxtd incorporates its responses to Paragraphs 1-99 as though fully set forth herein.

101. Admitted.

102. Denied.

103. Denied.

**COUNT VI – CANCELLATION OF TRADEMARK REGISTRATIONS**

104. Paragraph 104 contains no allegation of fact and therefore requires no response. Cnxtd incorporates its responses to Paragraphs 1-103 as though fully set forth herein.

105. Cnxtd admits that 15 U.S.C. § 1119 authorizes a court, in an appropriate case, to determine rights to registration. Cnxtd denies that cancellation is warranted.

106. Denied.

107. Denied.

108. Denied.

**COUNT VII – DECLARATORY JUDGMENT (Non-Infringement)**

109. Paragraph 109 contains no allegation of fact and therefore requires no response. Cnxtd incorporates its responses to Paragraphs 1-108 as though fully set forth herein.

110. Admitted.

111. Denied.

112. Denied.

113. Denied.

114. Cnxtd admits that the July 30, 2026 letter reflects an actual controversy.

115. Denied.

**COUNT VIII – DECLARATORY JUDGMENT (No Interference)**

116. Paragraph 116 contains no allegation of fact and therefore requiring no response. Cnxtd incorporates its responses to Paragraphs 1-115 as though fully set forth herein.

117. Cnxtd admits that it contends atsec interfered with Cnxtd's business relationships through conduct relating to FIPS 'n' Chips but otherwise denies the allegations.

118. Denied.

119. Cnxtd admits that atsec may lawfully participate in and promote FIPS 'n' Chips in a manner that does not infringe Cnxtd's marks, misuse Cnxtd's relationships or access, or tortiously interfere with Cnxtd's business. Cnxtd denies the remaining allegations in Paragraph 119.

120. Cnxtd admits that the July 30, 2026 letter reflects an actual controversy.

121. Denied.

**COUNT IX – BREACH OF CONTRACT**

122. Paragraph 122 contains no allegation of fact and therefore requires no response. Cnxtd incorporates its responses to Paragraphs 1-121 as though fully set forth herein.

123. Denied.

124. Denied.

125. Cnxtd admits that Dr. Yi Mao and Dr. Marcos Portnoi were not included in certain ICMC 2027 Program Committee activities after termination of the Agreement. Cnxtd denies that this constituted a breach of any enforceable obligation.

126. Cnxtd admits that Dr. Yi Mao and Dr. Marcos Portnoi were removed from the Program Committee list following termination of the Agreement. Cnxtd denies that this constituted a breach of any enforceable obligation.

127. Denied.

128. Cnxtd lacks knowledge sufficient to admit or deny atsec's allegations concerning its reputation, third parties' perceptions, or alleged monetary harm and therefore denies them on that basis. Cnxtd denies the remaining allegations in Paragraph 128.

129. Denied.

130. Cnxtd admits that atsec seeks injunctive relief but denies that atsec is entitled to such relief.

131. Cnxtd admits that atsec seeks actual damages but denies that atsec suffered recoverable damages caused by Cnxtd.

132. Cnxtd admits that atsec seeks costs and attorneys' fees under Texas Civil Practice and Remedies Code § 38.001 but denies that atsec is entitled to recover them.

## RESPONSE TO PRAYER FOR RELIEF

Cnxtd admits that atsec seeks the relief stated in paragraphs a through l of the Prayer for Relief but denies that atsec is entitled to any relief from this Court.

## AFFIRMATIVE DEFENSES[2]

### *First Affirmative Defense*

atsec materially breached and repudiated the parties' arrangement by, among other things, using sponsorship access and ICMC relationships to promote a competing event, misusing Cnxtd's marks, and interfering with Cnxtd's business relationships. Such conduct bars or limits atsec's requested contractual relief.

### *Second Affirmative Defense*

Cnxtd validly terminated the Agreement for cause based on material, fundamental, and incurable breaches, or breaches not timely cured after notice.

### *Third Affirmative Defense*

Cnxtd owns valid federal registrations for the ICMC word and design marks, used the marks in commerce as owner, and developed substantial goodwill through its production, promotion, financial investment, and assumption of risk.

---

[2] Cnxtd reserves all defenses available under the Federal Rules of Civil Procedure and applicable law and reserves the right to amend this Answer as warranted by discovery and the Court's scheduling order.

***Fourth Affirmative Defense***

atsec's long-term knowledge of and participation in Cnxtd's ownership, production, branding, and use of ICMC bars or limits its claims.

***Fifth Affirmative Defense***

atsec unreasonably delayed challenging Cnxtd's ownership and registrations despite knowledge of Cnxtd's longstanding public use and control, causing prejudice to Cnxtd.

***Sixth Affirmative Defense***

atsec's inequitable conduct, including efforts to appropriate or misuse the ICMC brand and relationships while accepting sponsorship benefits, bars or limits equitable relief.

***Seventh Affirmative Defense***

atsec waived claims or interpretations inconsistent with its conduct, silence, acceptance of benefits, and the parties' course of performance.

***Eighth Affirmative Defense***

Any recoverable relief is barred or reduced by atsec's failure to mitigate or avoid consequences.

***Ninth Affirmative Defense***

Any claimed damages are barred or limited because they are speculative, not caused by Cnxtd, not reasonably foreseeable, or otherwise not recoverable under applicable law.

## COUNTERCLAIMS

Cnxtd asserts the following counterclaims against atsec, independently and in the alternative:

## JURISDICTION, PARTIES, AND COMMON FACTS

1. Cnxtd is a New York corporation. atsec is a Delaware corporation that alleges its principal place of business is in Austin, Texas.

2. The Court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121, supplemental jurisdiction under 28 U.S.C. § 1367, and diversity jurisdiction under 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391.

3. The parties collaborated concerning the International Cryptographic Module Conference ("ICMC") and entered an Event Partnership Agreement on June 3, 2015.

4. Under the Agreement, Cnxtd assumed ownership and financial responsibility for ICMC, managed the event, and owned project assets it developed. atsec received valuable sponsorship, committee, content, and participant-list benefits.

5. Cnxtd produced and promoted ICMC for years, developed the ICMC branding and goodwill, and owns U.S. Trademark Registration Nos. 6,609,213 and 6,798,370 (the "ICMC Marks").

6. atsec knew of Cnxtd's public use and ownership position and accepted Agreement benefits without timely objection.

7. In 2025 and 2026, atsec promoted or supported the competing FIPS 'n' Chips event and used ICMC relationships, sponsorship access, and the ICMC Marks to recruit or solicit speakers, sponsors, and participants without authorization.

8. The challenged conduct was likely to confuse the relevant public regarding affiliation, sponsorship, approval, or association with Cnxtd and ICMC and threatened diversion of opportunities and goodwill.

9. On July 30, 2026, Cnxtd gave written notice of material breach, termination, infringement, and interference. atsec failed to cure or cease all challenged conduct.

10. Cnxtd has suffered loss of control over its marks and goodwill, disruption of business relationships, diversion of opportunities, enforcement expenses, and other damages to be determined.

**COUNT I: FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114**

11. Cnxtd incorporates the preceding counterclaim allegations.

12. atsec used reproductions, copies, colorable imitations, or confusingly similar uses of the registered ICMC Marks in commerce without consent, likely causing confusion. The conduct continued with knowledge of Cnxtd's rights. Cnxtd seeks relief under 15 U.S.C. §§ 1116-1117.

**COUNT II: FALSE DESIGNATION AND UNFAIR COMPETITION, 15 U.S.C. § 1125(a)**

13. Cnxtd incorporates the preceding counterclaim allegations.

14. atsec used designations and promotional statements in commerce that falsely or misleadingly suggested affiliation, connection, sponsorship, approval, or association with Cnxtd or ICMC, causing damage and threatened irreparable injury.

**COUNT III: BREACH OF CONTRACT**

15. Cnxtd incorporates the preceding counterclaim allegations.

16. The Agreement is valid and enforceable. Cnxtd performed, tendered performance, or was excused. atsec materially breached by misusing relationship benefits and access, supporting a competing event with ICMC relationships and assets, impairing Cnxtd's ownership and control, and depriving Cnxtd of its bargain. Cnxtd gave notice and validly terminated for cause.

**COUNT IV: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS**

17. Cnxtd incorporates the preceding counterclaim allegations.

18. Cnxtd had a reasonable probability of continuing or entering relationships with ICMC speakers, sponsors, participants, vendors, and partners. atsec knowingly and intentionally interfered with these relationships, causing damages to Cnxtd.

**COUNT V: TEXAS COMMON-LAW UNFAIR COMPETITION**

19. Cnxtd incorporates the preceding counterclaim allegations.

20. atsec committed independently actionable unlawful conduct, including infringement, false designation, and interference, damaging Cnxtd's business and goodwill.

**JURY DEMAND**

Cnxtd requests a trial by jury on all matters and issues properly tried to a jury pursuant to Federal Rules of Civil Procedure 38 and 39 and other applicable federal and state law.

**PRAYER**

Cnxtd requests dismissal of atsec's claims with prejudice; judgment in favor of Cnxtd on its counterclaims; permanent injunctive relief; actual damages; atsec's attributable profits; prejudgment and post-judgment interest; taxable costs; reasonable attorneys' fees; and all other just legal and equitable relief and all such further relief to which Cnxtd may be justly entitled at law and in equity.

Dated: October 29, 2026.

**Respectfully submitted,**

*/s/ Daniel R. Richards*______

Daniel R. Richards
State Bar No. 00791520
Email: drichards@rrsfirm.com
Katharine Lee Carmona
State Bar No. 00787399
Email: kcarmona@rrsfirm.com
**RICHARDS RODRIGUEZ & SKEITH LLP**
611 W. 15th St.
Austin, Texas 78701
Telephone: 512-476-0005
Facsimile: 512-476-1513

***Counsel for Defendant Cnxtd Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record on October 29, 2026, via the Court's CM/ECF electronic filing system.

/s/ *Daniel R. Richards*
Daniel R. Richards